FILED

JUN 2 2 2018

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 13-26-BLG-SPW |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| ELISEO LOPEZ MARTINEZ, | |
| Defendant/Movant. | |

On September 15, 2015, Defendant Eliseo Lopez Martinez filed a motion to

vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Martinez filed in

the Court of Appeals, which transferred the motion to this Court on December 2,

2015 (Doc. 197). Counsel was appointed to represent Martinez, and an amended §

2255 motion was filed on October 13, 2017.

Martinez alleges three claims:

A.    The denial of his requests for new counsel constructively denied his
right to counsel.

B.    Trial counsel was ineffective because he allowed the judge to coerce
Martinez into pleading guilty.

C.    Trial counsel was ineffective because he failed to file a notice of
appeal despite being asked to do so.

1

At this point, the Court is concerned only with Claim C.

In a criminal case, a lawyer who is instructed to file a notice of appeal must file it, even if the defendant waived appeal, and even if appealing could actually harm the defendant's interests. *See, e.g., Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000); *United States v. Sandoval-Lopez,* 409 F.3d 1193, 1198 (9th Cir. 2005); *see also Garza v. Idaho,* No. 17-1026 (U.S. cert. granted June 18, 2018) (questioning whether *Flores-Ortega* applies when plea agreement waives appeal).

In his original postconviction pleading, Martinez, acting *pro se*, alleged that when he "called my Attorney and explain[ed] that the Judge had given only fourteen days to file the appeal, my Attorney said I can no longer help." *Pro Se* § 2255 Mot. (Doc. 197) at 5 ¶ 10. With liberal construction, this statement might be taken to claim that Martinez instructed counsel to file a timely notice of appeal and counsel refused.

But Martinez has counsel now. He is no longer entitled to liberal construction. Even with it, he would be required to clarify his allegation, because it is ambiguous. It might mean that Martinez called counsel to consult about an appeal, counsel explained why he did not believe an appeal would help, and Martinez accepted his advice and did not instruct him to appeal. That would follow *Roe, see* 528 U.S. at 480, not violate it. Or the statement might mean Martinez mistakenly thought the Judge erred in telling him he had only 14 days to

2

appeal, counsel advised him the Judge was correct and the time to appeal had

expired, and, again, Martinez accepted counsel's advice and did not instruct him to

appeal. In that case, whether counsel's advice was right or wrong,[1] it did not

violate the rule of *Roe*. Martinez must clarify what happened.

At the same time, Martinez must specify, to the best of his ability, when he

called counsel and talked to him about an appeal and when he learned he did not

have an appeal pending. These dates are likely relevant to the statute of

limitations. Martinez addresses the prospective time bar in his amended motion,

*see* Am. § 2255 Mot. (Doc. 265) at 21-23, but, at this point, the Court is

contemplating dismissal. Martinez may be aware of relevant legal analysis or

additional facts that he believes in good faith he will be able to prove. If so, now is

the time to say so. He must show cause why Claim C should not be dismissed with

prejudice as time-barred. *See Day v. McDonough*, 547 U.S. 198, 210 (2006);

*Herbst v. Cook*, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

---

[1] *See United States v. Sadler*, 480 F.3d 932 (9th Cir. 2007). The Supreme Court's decision in *Hamer v. Neighborhood Housing Servs.*, __ U.S. __, 138 S. Ct. 13, 16-17 (2018), appears to support the Ninth Circuit's decision in *Sadler*. *Hamer* held that a time limitation under Fed. R. App. P. Rule 4(*a*) was not jurisdictional because the same time limitation was not established by 28 U.S.C. § 2107(c). *See* 138 S. Ct. at 19-21 (distinguishing *Bowles v. Russell*, 551 U.S. 205, 210-13 (2007)). In *Sadler*, the Ninth Circuit held that the time limitations in Fed. R. App. P. 4(b), governing criminal appeals, are not established by statute and so are not jurisdictional. *See* 480 F.3d at 940. Whether counsel's assistance with the appeal was effective or not would be determined by the usual standards of *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984), not the special standard of *Roe*.

Accordingly, IT IS HEREBY ORDERED that Martinez must respond to this

Order on or before **July 31, 2018.**

DATED this 21st day of June, 2018.

Susan P. Watters
United States District Court