

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>ELISEO LOPEZ MARTINEZ,<br><br>Defendant/Movant. | Cause No. CR 13-026-BLG-SPW<br>CV 15-126-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On September 15, 2015, Defendant Eliseo Lopez Martinez filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Lopez filed in the Court of Appeals, which transferred the motion to this Court on December 2, 2015 (Doc. 197). Counsel was appointed to represent Lopez, and an amended § 2255 motion was filed on October 13, 2017.

On June 22, 2018, the Court advised Lopez that one claim in his amended motion still did not allege sufficient facts to state a claim. Although he was represented by counsel, the Court extended a second opportunity to plead more specific facts. Lopez responded on September 24, 2018.

## I. Background

On April 3, 2013, Lopez was indicted on charges of drug trafficking and possessing a firearm. Trial was initially set for June 4, 2013. The deadline for

1

filing either a motion to change plea or notice of intent to proceed to trial was set for May 13, 2013. *See* Order (Doc. 37) at 2.

On May 13, Lopez filed a motion to change his plea. He filed a plea agreement the following day. At the change of plea hearing on May 28, however, Lopez chose not to proceed. He had not filed a motion for new counsel, but he raised concerns about counsel's representation. Judge Haddon, who presided throughout the criminal case, explained that counsel must decide whether to file a motion to withdraw. He also explained that mere dissatisfaction with counsel's advice did not justify counsel's removal. The change of plea hearing was continued, and Lopez was required to decide by June 4, 2013, whether he wanted to go to trial or plead guilty. *See* Order (Doc. 1) at 2.

On June 4, 2013, Lopez filed notice that he intended to proceed to trial. Trial was set for August 6, 2013. *See* Notice (Doc. 74); Order (Doc. 76).

The next day, June 5, Lopez's counsel filed a motion to withdraw due to Lopez's "dissatisfaction with [counsel's] representation" and "lack of trust . . . in [counsel's] judgement and advice." Mot. to Withdraw (Doc. 77) at 4 ¶¶ 8, 9. A hearing was held on June 20. Judge Haddon found that Lopez was willing to work with counsel and denied the motion. *See* Minutes (Doc. 88); Order (Doc. 91). Trial remained set for August 6.

On July 15, 2013, Lopez filed another motion to change his plea. *See* Mot.

2

(Doc. 95). A hearing was set for July 17. *See* Order (Doc. 97). On July 16, Lopez filed a motion to vacate the hearing on the grounds that he had again changed his mind and was "in the process of retaining alternative counsel to represent him." Mot. to Vacate (Doc. 99) at 2.

The hearing convened as scheduled on July 17. After a discussion of the July 16 motion and Lopez's intentions, and after he had an opportunity to consult with his counsel, Lopez pled guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of a substance containing methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a)(1). *See* Indictment (Doc. 16) at 3–5; Plea Agreement (Doc. 54) at 3 ¶ 3; Minutes (Doc. 100).

At sentencing, Lopez was found responsible for bringing to Montana more than 800 grams of heroin, 2.13 kilograms of cocaine, and 92 pounds of methamphetamine. He was sentenced to serve 324 months in prison, to be followed by a five-year term of supervised release. Judgment was entered on October 22, 2013. *See* Minutes (Doc. 128); Judgment (Doc. 132) at 2-3.

Lopez alleges that, on October 24, 2013, counsel mailed a copy of the judgment to him with a letter, written in Spanish, stating "Here I send you a copy of your judgment in your case. If you have any questions regarding this document please call or write to our office." Am. Mot. (Doc. 265) at 23 (noting Google translation). The letter "did not discuss any appeal rights." *Id.*

Lopez also alleges that he contacted counsel's office "immediately after" sentencing and said that he wanted to appeal. He "called several times before anyone answered." He does not say whether these "several times" occurred in one day, over a couple of months, or somewhere in between. He claims he told the only person who answered his call that he wanted to appeal, and she said "they were done with my case and couldn't help anymore." Lopez Decl. (Doc. 277-1) at 2 ¶ 6. In his *pro se* motion, Lopez responded to a preprinted form question as follows:

> 10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
>
> When I called my Attorney and explain that the Judge had given only fourteen days to file the appeal, my Attorney said I can no longer help.

*Pro Se* § 2255 Mot. (Doc. 197) at 5.

Lopez did not file a timely notice of appeal. His conviction became final on November 5, 2013. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

On August 15, 2014, Lopez filed a *pro se* notice of appeal. *See* Notice of Appeal (Doc. 154). In the Court of Appeals, he also filed a motion to proceed in forma pauperis and a motion for the appointment of counsel. All three documents were written in English. He did not file anything else. The appellate court issued an order to show cause why the appeal should not be dismissed as untimely, but

4

Lopez did not respond. The appeal was dismissed "as untimely and for failure to comply with the order to show cause." *See* Order (Doc. 158) at 1, *United States v. Lopez*, No. 14-30167 (9th Cir. Nov. 14, 2014).

In August 2015, Lopez, acting *pro se*, sought a sentence reduction under 18 U.S.C. § 3582(c)(2) and Guidelines Amendments 782 and 788. New counsel Cammi Woodward filed a brief on his behalf on November 23, 2015. *See* Mem. in Supp. (Doc. 191). The motion was denied. *See* Order (Doc. 192) at 1-3.

On September 14, 2015, Lopez, still acting *pro se*, filed a petition for writ of habeas corpus in the Ninth Circuit Court of Appeals. On December 2, 2015, the petition was transferred to this Court as a motion under 28 U.S.C. § 2255. *See* Order (Doc. 196) at 1.

This Court appointed new counsel to represent Lopez. Counsel filed an amended § 2255 motion (Doc. 265) that supersedes Lopez's original motion. *See* Order (Doc. 208) at 2 ¶ 4.

## II. Analysis

Lopez alleges three claims:

A. Lopez's guilty plea was invalid because the denial of his requests for new counsel constructively denied his right to counsel. *See* Am. Mot. (Doc. 265) at 23–28.[1]

---

[1] This claim is presented in a portion of the motion requesting leave to file "an out of time appeal." Am. Mot. at 23. But the gist of the argument is that Lopez was constructively denied counsel, so that his guilty plea was invalid. The allegations should be addressed on that basis.

5

B.  Trial counsel did not ensure Lopez's guilty plea was entered knowingly, intelligently, and voluntarily. *See id.* at 28–34.

C.  Trial counsel was ineffective because he failed to file a notice of appeal despite being asked to do so. *See id.* at 34.

These claims will be addressed out of order.

**A. Coercion to Plead Guilty (Claim B)**

Lopez argues that counsel did not ensure his guilty plea was knowing, voluntary, and intelligent because he did not protect Lopez against an "atmosphere . . . of intimidation" "at every hearing." Am. § 2255 Mot. at 33. He asserts that counsel should have done something when Judge Haddon informed him "that, even if he were able to hire counsel, Mr. Babcock would represent him and the trial set in two weeks would not be continued." *Id.* at 32.

But what should counsel have done? Judge Haddon was not wrong when he told Lopez, for the third time, "[Y]ou have but two courses of action to take: One is to have the court consider a change of plea; the other is to go to trial." Change of Plea Tr. (Doc. 225) at 5:21–23; *see also* First Change of Plea Tr. (Doc. 223) at 8:1–3 ("[W]e do have to have a decision somewhere in this process. We can't just leave this thing hanging in limbo."); Mot. H'rg Tr. (Doc. 224) at 9:9–13 ("[Y]ou only have two choices . . . . There are no other options.").

Nor was Judge Haddon wrong to hold the trial date of August 6, 2013. That date had been set since June 5, 2013, which was about 70 days after indictment and

6

about 40 days *before* Lopez filed his second motion to change his plea. Lopez could have retained counsel at any time from his initial appearance in mid-March until the hearing on July 17. Other than dissatisfaction with appointed counsel and a financially unrealistic desire to retain counsel, Lopez did not identify—and still has not identified—a reason to continue the trial beyond August 6. There is no reason to suppose an ends-of-justice continuance would have been available under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A), (B)(iv).[2]

If the July 17 hearing had been the first occasion when Lopez was advised that trial was set and he had to choose between pleading guilty and going to trial, this claim might have merit. But the July 17 hearing was the third hearing of the kind. It was set because Lopez was headed for trial but filed a motion to plead guilty. At the June 20 hearing on counsel's motion to withdraw, Lopez said more than once that he did not want to stand trial. On each occasion, Judge Haddon refused to allow him to plead guilty and advised Lopez he must consult with counsel before making his decision. *See* Mot. H'rg Tr. (Doc. 224) at 8:24–11:1.

Under these circumstances, it is not accurate to say the judge gave "lip service to the right to trial," Am. § 2255 Mot. at 32, or compelled or intimidated

---

[2] Trial counsel represented that the filing of a plea agreement on May 14, 2013, tolled the speedy trial clock. *See* Mot. to Withdraw (Doc. 77) at 4 ¶ 11. The clock is tolled only while the *court* is considering a plea agreement. *See* 18 U.S.C. § 3161(h)(1)(G). On June 4, 2013, Lopez filed a notice of intent to proceed to trial. *See id.* at 3 ¶ 7; Notice (Doc. 74). Lopez might still have been considering a plea agreement, but the court was not.

7

Lopez into pleading guilty. Judge Haddon did not compel a guilty plea any more than the United States compelled Lopez to plead guilty by charging him with a crime it could prove beyond reasonable doubt.

Lopez does not claim trial counsel's advice to plead guilty was unreasonable. Nor does he adequately allege a reasonable probability that a reasonable person in his circumstances would have proceeded to trial rather than pleading guilty were it not for the alleged coercion. *See Hill v. Lockhart*, 474 U.S. 52, 59–60 (1985). He fails to allege facts supporting an inference that counsel unreasonably allowed him to enter a guilty plea that was not knowing, voluntary, and intelligent.

### B. Requests for New Counsel (Claim A)

Lopez made various requests for new counsel before he pled guilty. Except for constitutional errors implicating "the very power of the State to prosecute" him, Lopez's guilty plea waived constitutional errors arising before he pled guilty. *Class v. United States*, __ U.S. __, 138 S. Ct. 798, 803 (2018) (internal quotation marks omitted) (quoting *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)). The denial of Lopez's requests for new counsel did not implicate "the right not to be haled into court at all." *Perry*, 417 U.S. at 30. Therefore, Judge Haddon's rulings on that issue have the same status as a judge's order denying a motion to suppress. Whether the issue had merit or not, Lopez waived it by pleading guilty without

8

preserving the right to appeal the Court's pretrial rulings.

Moreover, while some judges might have assigned new counsel to Lopez, Judge Haddon's decision to deny new counsel fairly rested on the vagueness of Lopez's complaints, which were consistently followed by express agreement to continue working with counsel. Judge Haddon prevented Lopez from submitting handwritten documents at the first change of plea hearing, but he did not prevent Lopez from presenting any statement relevant to his ability or inability to meet or communicate with counsel. *Compare, e.g., United States v. Velazquez*, 855 F.3d 1021, 1025 (9th Cir. 2017). He refused to construe Lopez's statements as a motion for counsel's withdrawal, but when counsel filed a motion to withdraw, Judge Haddon set a hearing. At the hearing, he did not refuse to hear Lopez's complaints or miss their point, as two judges in *Velazquez* did. *See id.* at 1026–27, 1033. Counsel, for his part, did not ask the judge to acknowledge and communicate his advice to the defendant, *compare Velazquez*, 855 F.3d at 1031–32, or take "an adversary and antagonistic stance" toward withdrawal or toward Lopez, *see, e.g., United States v. Adelzo-Gonzalez*, 268 F.3d 772, 779 (9th Cir. 2001).

The facts were adequately aired in pretrial proceedings. Lopez does not add or take anything away from them. There was no persuasive indication that a breakdown in communication existed or that it was interfering with the preparation of the defense. *See United States v. Reyes-Bosque*, 596 F.3d 1017, 1033–35 (9th

Cir. 2010). That a different judge might have viewed the facts differently does not make Judge Haddon's view unlawful.

## C. Claim C

The facts underlying this claim are unclear. They are clear enough, however, to support a determination on a procedural issue. A one-year limitations period applies to motions under 28 U.S.C. § 2255. Timeliness is decided on a claim-by-claim basis, *see Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012), but the analysis of Claim C would also apply to Claims A and B.

Generally, prejudice is presumed where a defendant alleges counsel failed to file a notice of appeal despite a defendant's request that he do so. *See, e.g., Garza v. Idaho*, __ U.S. __, 139 S. Ct. 738, 749–50 (2019); *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriquez v. United States*, 395 U.S. 327, 329–30 (1969), and *Peguero v. United States*, 526 U.S. 23, 28 (1999)); *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1195–99 (9th Cir. 2005). Here, however, as explained below, Lopez's allegations and the record of the case fail to support his contention that he genuinely believed an appeal was pending. As a result, this claim is time-barred.

### 1. Trigger Date

A claim is timely if filed within one year of the latest applicable "trigger" date. *See* 28 U.S.C. § 2255(f)(1)–(4); *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir.

2011) (en banc). The most common trigger date is the date on which the conviction became final, § 2255(f)(1). Lopez's conviction became final on November 5, 2013.

There are two other possibilities.[3] One is "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence," § 2255(f)(4). Lopez avers that he contacted counsel's office "immediately after" sentencing, on October 21, 2013, to say he wanted to appeal. He also avers that he "called several times before anyone answered." He does not say whether these "several times" occurred in one day, over a couple of months, or somewhere in between. He claims he told the only person who answered his call that he wanted to appeal, and she said "they were done with my case and couldn't help anymore." Lopez Decl. (Doc. 277-1) at 2 ¶ 6. Lopez avers that he "assumed that meant that someone else would be assigned to the appeal," so he did not follow up "for several months." *Id.* ¶¶ 7–8. On August 15, 2014, Lopez filed a *pro se* notice of appeal.

Lopez's calls to counsel's office might all have occurred in one day. That day might have been, say, Day 1 or Day 10 after entry of judgment, or Day 16 after entry of judgment (when it was too late to appeal but not too late to request an

---

[3] The trigger date involving assertion of newly recognized rights, § 2255(f)(3), does not apply.

extension of time to appeal), or Day 48 or Day 200 after entry of judgment (when it was too late to do anything). Lopez's allegations fail to show when he discovered that no appeal had been filed. That is a fact within his own knowledge, and he should at least be able to estimate when that occurred. As he has already had an opportunity to "specify, to the best of his ability . . . when he learned he did not have an appeal pending," Order (Doc. 270) at 3, the Court must conclude he is not aware of a sound factual basis to apply § 2255(f)(4).

The other possible trigger date is "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed," § 2255(f)(2). Lopez argues that the Court of Appeals should have construed his late-filed *pro se* notice of appeal as a motion under 28 U.S.C. § 2255 and/or should have provided a Spanish translation of its orders. He also suggests, solely through counsel, that he "may not" have received the order to show cause. *See* Am. § 2255 Mot. (Doc. 265) at 22, 26–27. Again, that is odd, since he ought to know whether he received it or not. But, at any rate, Lopez communicated with the appellate court solely in English, and no law requires a Spanish order in response to English motions. *See, e.g.*, Notices and Mots. (Doc. 1; Doc. 2; Doc. 3 at 1–4), *Lopez-Martinez*, 9th Cir. No. 14-30167. Failing to construe a notice of appeal as a § 2255 motion is not an "impediment" to filing a timely § 2255 motion. And even if Lopez did not receive the appellate

12

court's order to show cause, that is no indication that someone unconstitutionally kept it from him. So § 2255(f)(2) does not apply.

Section 2255(f)(1) controls. Claim C had to be filed within one year of the date Lopez's conviction became final, that is, on or before November 5, 2014. He did not file the claim until September 15, 2015, more than ten months too late.

Unless Lopez can excuse the time bar imposed by § 2255(f)(1), Claim C must be dismissed with prejudice.

### 2. Equitable Tolling

Claim C might be made timely if Lopez shows that he pursued his rights diligently, but an extraordinary circumstance stood in his way and prevented him from filing on time. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). An "extraordinary circumstance" need not be something novel or unpredictable. "[T]he proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner" who is diligently pursuing his rights. *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008) (discussing *Mendoza v. Carey*, 449 F.3d 1065, 1069-70 (9th Cir. 2006) (finding an extraordinary circumstance where Spanish-speaking prisoner had no access to translator or Spanish-language materials)). The extraordinary circumstance must "proximately cause[] the late filing." *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006) (quoting *Stillman v. LaMarque*, 319

13

F.3d 1199, 1203 (9th Cir. 2003)).

The diligence requirement is met by reasonable diligence in the circumstances. The litigant is not required to act with maximum feasible diligence. *See Holland*, 560 U.S. at 653.

"[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." *Luna v. Kernan*, 784 F.3d 640, 651 (9th Cir. 2015) (citing *Gibbs v. Legrand*, 767 F.3d 879, 891-92 (9th Cir. 2014)); *see also United States v. Ibarra*, 502 U.S. 1, 4 n.2 (1991) (per curiam).

As explained above, when Lopez contacted counsel's office, he was told "they were done with my case and couldn't help anymore." Lopez Decl. (Doc. 277-1) at 2 ¶ 6. He "assumed that meant that someone else would be assigned to the appeal," and he did not follow up "for several months." At some point, he concluded no attorney was acting for him, and he filed a *pro se* notice of appeal on August 5, 2014. *Id.* ¶¶ 7–8. Notably, none of the documents Lopez filed in the appellate court alleged that he mistakenly believed counsel had filed a timely appeal or that he asked counsel to appeal and counsel failed to do so. *See* Notices and Mots. (Doc. 1; Doc. 2; Doc. 3 at 1–4), *Lopez-Martinez*, 9th Cir. No. 14-30167.

Lopez failed to exercise reasonable diligence. With no evident

encouragement from the Federal Defenders' office, he "assumed" someone would be assigned to appeal his case. When nothing happened for "several months," he did not do anything to find out who that person was—such as telephoning the Federal Defenders again—but merely concluded no one was acting for him. In other words, he acknowledged his own assumption was unreasonable. And, when he filed his *pro se* notice of appeal, he did not mention any failure or abandonment by counsel. His allegations and actions fail to support an inference that he truly believed an appeal had been filed and was pending, so there is no support for finding that an extraordinary circumstance stood in his way. His actions also fail to show that he acted with reasonable diligence.

Even when Lopez filed his late appeal, he did not act with reasonable diligence. He claims he "may not" have received the order to show cause, but he does not say he "may not" have received the order dismissing the appeal as untimely and for failure to respond to the order to show cause. The dismissal was entered on November 14, 2014, nine days after Lopez's time to file expired. Another 303 days passed before he filed a habeas petition in the appellate court. During that time, he moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the United States Sentencing Guidelines. New counsel was appointed to represent him. *See Pro Se* Mot. (Doc. 186); Notice of Appearance (Doc. 188). He does not claim that he raised with her any question or

15

issue about his direct appeal.

Lopez is not entitled to equitable tolling. His actions were not those of someone who was lulled into believing an appeal was pending when it was not, so he has not shown an extraordinary circumstance stood in the way of his timely filing. He also failed to make reasonably diligent efforts to have his claims heard between the entry of judgment and the filing of his habeas petition in the Court of Appeals.

### 3. Actual Innocence

Lopez has not attempted to show that, more likely than not, no reasonable fact-finder could find him guilty beyond reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

### 4. Conclusion

Claim C is dismissed with prejudice as time-barred.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

16

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Lopez does not make a showing of any substance that his guilty plea was coerced by the trial court or that he should have been appointed new counsel. Lopez does not allege that counsel should have known he would want to appeal, and he fails to allege when he told someone in counsel's office that he wanted to appeal. Only by drawing favorable inferences from facts Lopez blurs could the Court find he makes a substantial showing that he was deprived of his right to appeal. For similar reasons, reasonable jurists would not find the limitations period commenced sometime after Lopez's conviction became final or that equitable tolling might apply. There is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS ORDERED:

1. Lopez-Martinez's amended motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 265) is DENIED.

2. A certificate of appealability is DENIED. The Clerk of Court shall

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Lopez does not make a showing of any substance that his guilty plea was coerced by the trial court or that he should have been appointed new counsel. Lopez does not allege that counsel should have known he would want to appeal, and he fails to allege when he told someone in counsel's office that he wanted to appeal. Only by drawing favorable inferences from facts Lopez blurs could the Court find he makes a substantial showing that he was deprived of his right to appeal. For similar reasons, reasonable jurists would not find the limitations period commenced sometime after Lopez's conviction became final or that equitable tolling might apply. There is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS ORDERED:

1. Lopez-Martinez's amended motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 265) is DENIED.

2. A certificate of appealability is DENIED. The Clerk of Court shall

immediately process the appeal if Lopez files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 15-126-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Lopez.

DATED this 26th day of March, 2019.

*Susan P. Watters*
Susan P. Watters
United States District Court